| | |
|---|---|
| XIAOHUI WU, d/b/a HAPPY MEMORY, and CANGNAN COUNTY NEW VIBRATION PLASTIC FILM CO., LTD., d/b/a WOI LIFE, Plaintiffs, | ) Case No. _____ ) ) **COMPLAINT FOR** ) **DECLARATORY JUDGMENT** ) **OF NONINFRINGEMENT AND** ) **INVALIDITY** ) |
| v. | ) **DEMAND FOR JURY TRIAL** ) |
| APOLLO INVESTMENT HOLDING CO., LLC, Defendant. | ) ) ) |

## NATURE OF THE ACTION

1. This is an action under the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202, and the patent laws of the United States, 35 U.S.C. § 1 et seq., seeking a declaration that Plaintiffs have not infringed and do not infringe U.S. Patent No. 9,163,370 (the '370 Patent) and that the '370 Patent is invalid.

2. Plaintiffs bring this action together because Defendant asserted the same patent through the same Amazon patent-enforcement campaign against both Plaintiffs' Amazon storefronts, involving the same asserted patent, the same rights-owner contact information, the same Amazon Patent Evaluation Express matter, overlapping accused products, and common questions of law and fact. On information and belief, ASIN B0BPGXZGJ9 and ASIN B0BQ1TV2VS are the same product except for color.

3. Defendant's patent assertions caused Amazon to remove HAPPY MEMORY's listings for ASINs B07WPNZGFS and B0BPGXZGJ9, and WOI LIFE's listing for ASIN B0BQ1TV2VS.

1

4.  An actual and immediate controversy exists because Defendant identified itself to Amazon as the patent-owner contact for the '370 Patent, invoked Amazon's Patent Evaluation Express process, and caused the removal of Plaintiffs' listings from Amazon.com based on allegations that Plaintiffs' products infringe the '370 Patent.

### PARTIES

5.  Plaintiff Xiaohui Wu d/b/a HAPPY MEMORY is an individual who conducts business through the Amazon storefront known as HAPPY MEMORY.

6.  Plaintiff Cangnan County New Vibration Plastic Film Co., Ltd. d/b/a WOI LIFE is a privately held Chinese company organized under the laws of the People's Republic of China and conducts business through the Amazon storefront known as WOI LIFE.

7.  Cangnan County New Vibration Plastic Film Co., Ltd. is privately owned by Xinzan Xu and Weixiang Chen.

8.  Defendant Apollo Investment Holding Co., LLC ('Apollo') is, on information and belief, a Wisconsin limited liability company with a principal office at N19 W24400 Riverwood Drive, Suite 350, Office 458, Waukesha, Wisconsin 53188.

9.  On information and belief, Apollo owns, controls, or possesses sufficient rights in the '370 Patent to enforce that patent against Plaintiffs' products, and Apollo does business through, operates, or controls the Amazon storefront identified in the later Amazon removal notices as ZOMISIA.

### JURISDICTION AND VENUE

10. This action arises under the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202, and the patent laws of the United States, 35 U.S.C. §§ 1-390.

11. This Court has subject-matter jurisdiction under 28 U.S.C. §§ 1331 and 1338(a).

2

12. This Court has personal jurisdiction over Apollo because, on information and belief, Apollo is a Wisconsin limited liability company and because Apollo purposefully directed the patent-enforcement conduct at issue from Wisconsin into the United States marketplace, including through Amazon's patent-enforcement systems.

13. Venue is proper in this District under 28 U.S.C. § 1391 because Apollo resides in this District and because the conduct giving rise to this action was directed from an address in Waukesha, Wisconsin, which lies in the Milwaukee Division of the Eastern District of Wisconsin.

14. Plaintiffs are properly joined in this action because their claims arise out of the same transaction, occurrence, or series of transactions or occurrences, and common questions of law and fact will arise in this action.

## THE PATENT IN SUIT

15. U.S. Patent No. 9,163,370 is titled 'Foldable Pickup Device' and issued on October 20, 2015.

16. On the face of the issued patent, the inventor is identified as Bin Qiu and the assignee is identified as Jiangsu Zhongheng Pet Supplies Co., Ltd.

17. Public assignment records reflect a later chain of assignments from Bin Qiu to Jiangsu Zhongheng Pet Supplies Co., Ltd.; from Jiangsu Zhongheng Pet Supplies Co., Ltd. to Jiangsu Zhongheng Pet Articles Joint-Stock Co., Ltd.; and from Jiangsu Zhongheng Pet Articles Joint-Stock Co., Ltd. to Apollo Investment Holding Co., LLC. Apollo therefore claims ownership of the '370 Patent and has asserted it against Plaintiffs and their products.

## DEFENDANT'S AMAZON PATENT ASSERTIONS

3

18. On February 12, 2026, Amazon sent HAPPY MEMORY a Patent Evaluation Express notice concerning Case ID 19463290791. The notice stated that a patent owner believed HAPPY MEMORY's listed products infringed the '370 Patent, identified Apollo as the patent-owner contact, and identified ASINs B0BPGXZGJ9 and B07WPNZGFS.

19. On February 12, 2026, Amazon sent WOI LIFE a Patent Evaluation Express notice concerning the same Case ID 19463290791. That notice likewise identified Apollo as the patent-owner contact and identified ASIN B0BQ1TV2VS.

20. On March 7, 2026, Amazon sent HAPPY MEMORY a policy-warning notice stating that Amazon had removed ASINs B07WPNZGFS and B0BPGXZGJ9, identifying Complaint ID 19461698401, rights owner name ZOMISIA, rights owner email patent@szkmtr.com, and the asserted patent as U.S. Patent No. 9,163,370 B2.

21. On March 7, 2026, Amazon sent WOI LIFE a similar policy-warning notice stating that Amazon had removed ASIN B0BQ1TV2VS, identifying the same Complaint ID 19461698401, the same rights owner name ZOMISIA, the same rights owner email patent@szkmtr.com, and the same asserted patent.

22. On information and belief, ZOMISIA is the Amazon storefront through which Apollo made or implemented the patent assertions at issue.

23. As a direct result of Defendant's patent assertions, Plaintiffs have lost the ability to sell the accused products through Amazon.com, have suffered and continue to suffer lost sales and related commercial harm, and face the continuing threat of renewed or continued marketplace enforcement based on the '370 Patent.

4

24. On information and belief, following the removal of the listings, Amazon will not reinstate the accused products absent withdrawal or retraction of the complaints, or court-ordered relief directed to Defendant's patent assertions.

<u>**NONINFRINGEMENT AND INVALIDITY**</u>

25. Independent claims 1 and 8 of the '370 Patent each require, among other things, a foldable pickup device having a foldable linkage portion, a sleeve slidable along the upper operating stick to cover the linkage portion, and a lower portion of the cover comprising a locking button, with the sleeve comprising a hole configured to receive that locking button to maintain the upper and lower operating sticks in a linear form.

26. The public prosecution history reflects that the patent applicant narrowed the claims to the cover, locking button, and sleeve hole limitation, and the examiner allowed the claims based on the absence of that feature from the cited prior art.

27. Representative figures of the '370 Patent depict that alleged locking architecture as 'corresponding button holes' in the fixation sleeves and 'locking buttons' on the covers.

28. ASIN B07WPNZGFS does not meet at least the foldable linkage and slidable sleeve limitations. That product uses a separable plug-in connector or collar structure rather than a foldable linkage covered by a slidable sleeve, and it is not foldable at a linkage portion.

29. ASINs B0BPGXZGJ9 and B0BQ1TV2VS do not meet at least the claimed locking button and sleeve hole limitation. Those products use a different recess arrangement at the joint using a sleeve without a hole rather than the claimed lower cover locking button received by a hole in the sleeve to maintain the operating sticks in a linear form.

5

30. Because at least those claim limitations are absent, Plaintiffs do not infringe independent claims 1 or 8 of the '370 Patent, and therefore do not infringe any dependent claim of the '370 Patent.

31. At least claims 1 and 8 of the '370 Patent are invalid under 35 U.S.C. § 103. Chinese Utility Model Patent Publication No. CN201538952U discloses a foldable pet-waste pickup device with an upper rod, a lower rod, a connection block, and a slidable fixed sleeve that covers the joint and holds the upper and lower rods in a linear, fixed condition.

32. U.S. Patent No. 7,891,132 discloses the specific button-and-hole locking sleeve architecture that the applicant added during prosecution, including a buttoned retaining clip with protruding buttons or knobs and a locking sleeve having holes configured to receive those buttons to secure two stem pieces together.

33. In view of CN201538952U's foldable pickup device and U.S. Patent No. 7,891,132's button-hole locking sleeve architecture, at least claims 1 and 8 of the '370 Patent would have been obvious to a person of ordinary skill in the art.

34. Plaintiffs are further informed and believe that additional invalidity grounds exist and reserve the right to rely on additional prior art and additional invalidity theories as discovery and claim construction proceed.

## COUNT I

## DECLARATORY JUDGMENT OF NONINFRINGEMENT

35. Plaintiffs repeat and reallege paragraphs 1 through 34 as if fully set forth herein.

36. An actual and justiciable controversy exists between Plaintiffs and Apollo concerning whether Plaintiffs' products infringe the '370 Patent.

37. Plaintiffs have not infringed and do not infringe any valid claim of the '370 Patent, including because the accused products do not meet at least one limitation of independent claims 1 and 8.

38. A judicial declaration and related injunctive relief are necessary and appropriate so that the parties may ascertain their respective rights and obligations concerning the '370 Patent, so that Plaintiffs may obtain relief from the harm caused by Defendant's patent assertions, and so that Defendant retracts or withdraws the Amazon complaints directed to Plaintiffs' accused products.

**COUNT II**

**<u>DECLARATORY JUDGMENT OF INVALIDITY</u>**

39. Plaintiffs repeat and reallege paragraphs 1 through 38 as if fully set forth herein.

40. An actual and justiciable controversy exists between Plaintiffs and Apollo concerning the validity of the '370 Patent.

41. The '370 Patent is invalid under one or more provisions of Title 35, including at least 35 U.S.C. § 103, because the asserted claims would have been obvious in view of the prior art, including CN201538952U in combination with U.S. Patent No. 7,891,132.

42. A judicial declaration is necessary and appropriate so that the parties may ascertain their respective rights and obligations concerning the '370 Patent and so that Defendant may not continue to assert an invalid patent against Plaintiffs' products.

**<u>PRAYER FOR RELIEF</u>**

A.      A declaration that Plaintiffs have not infringed and do not infringe U.S. Patent No. 9,163,370;

7

B.      A declaration that U.S. Patent No. 9,163,370 is invalid, including at least claims 1 and 8 and their dependent claims;

C.      Temporary, preliminary, and permanent injunctive relief prohibiting Defendant, and all persons acting in concert with Defendant, including any storefront or trade name under Defendant's control such as ZOMISIA, from maintaining or submitting Amazon complaints asserting the '370 Patent against Plaintiffs' accused products, and requiring Defendant to retract, withdraw, and cause to be withdrawn the existing Amazon complaints, Patent Evaluation Express assertions, and related policy complaints directed to ASINs B07WPNZGFS, B0BPGXZGJ9, and B0BQ1TV2VS;

D.      An award of Plaintiffs' costs, expenses, and attorneys' fees to the extent permitted by law, including under 35 U.S.C. § 285 if this case is found exceptional; and

E.      Such other and further relief as the Court deems just and proper.

**DEMAND FOR JURY TRIAL**

Plaintiffs demand a trial by jury on all issues so triable.

Dated: March 27, 2026

Respectfully Submitted,
By: /s/ Benjamin Solter
Benjamin Solter
Attorney for Plaintiff
Cross-Border Counselor LLP
7755 Center Ave., Suite 1100
Huntington Beach, CA 92647
Telephone No.: (781) 752-6369
bsolter@cbcounselor.com

8